UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIKA ROY | CIVIL ACTION |
| VERSUS | No. 20-857 |
| PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS, ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is plaintiff Erika Roy's ("Roy") motion[1] to remand this case to the Civil District Court for the Parish of Orleans, State of Louisiana. For the following reasons, the motion is granted.

### I.

This case arises from Roy's claim for underinsured motorist insurance benefits from Progressive Premier Insurance Company of Illinois ("Progressive") for injuries she sustained in a motor vehicle accident with an underinsured motorist on May 5, 2018.[2] Roy's claim is based on an automobile insurance policy issued by Progressive,

---

[1] R. Doc. No. 6.
[2] Roy's original petition incorrectly named Progressive Paloverde Insurance Company as Roy's uninsured/underinsured motorist insurance carrier. R. Doc. No. 1, at 1–2; R. Doc. No. 1-1, at 44. Roy's amended petition names the correct insurance entity, Progressive Premier Insurance Company of Illinois, and added Progressive as a defendant. R. Doc. No. 1-1, at 44, 59–62. The amended petition alleges that "Progressive Paloverde Insurance Company and/or Premier Insurance Company of Illinois" issued an underinsured/uninsured motorist insurance policy that provided coverage for her alleged loss. *Id.* at 60. However, Roy's February 10, 2020 demand, as discussed herein, was made only against Progressive, *see* R. Doc. No. 1-4, at 1–2, 12–15, and Progressive asserts that it is the only proper defendant with respect to Roy's claims. R. Doc. No. 1, at 5.

1

which has a policy limit of $50,000.[3]

Roy filed her petition for damages in the Civil District Court for the Parish of Orleans on May 15, 2019.[4] Roy filed an amended petition on February 13, 2020.[5]

On February 10, 2020, Roy's counsel submitted a proof of loss and settlement demand to Progressive.[6] Roy's counsel claimed that Roy "could expect to receive at the trial of this matter" $91,384.41 for physical pain and suffering, mental pain and suffering, and past medical expenses.[7] However, Roy's counsel acknowledged that the "net value of this UM claim is $76,384.41" because Roy had already received $15,000 from the underinsured motorist's insurer.[8] Roy's counsel also stated that he was "willing to recommend to [sic] that [Roy] settle this matter for her UM policy limits, which we understand to be $50,000.00."[9]

On March 11, 2020, Progressive removed the case to this Court on the basis of diversity jurisdiction, "pursuant to 28 U.S.C. §§ 1332 and 1446."[10] Progressive

---

[3] R. Doc. No. 1, at 2; R. Doc. No. 1-4, at 14–15.
[4] R. Doc. No. 1-1, at 1–3.
[5] *Id.* at 59–62.
[6] R. Doc. No. 1-4.
[7] *Id.* at 14–15. Roy's amended petition alleges damages for "past, present and future physical pain and suffering; past, present and future mental pain and suffering; past, present and future permanent disability; medical expenses; and loss of consortium, together with legal interest thereon from date of judicial demand, until paid, and for costs of these proceedings." R. Doc. No. 1-1, at 59. Although Roy included a claim for "costs" in her amended petition, neither party has presented any information regarding the amount of "costs" that may be recovered.
[8] R. Doc. No. 1-4 at 15.
[9] *Id.*
[10] R. Doc. No. 1. Section 1446 sets forth the procedures for the removal of civil actions from a state court.

asserted that removal was proper because the parties are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interests and costs.[11] Progressive is a corporate citizen of Ohio, and Roy is a citizen of Louisiana.[12]

The diversity of the parties is not in dispute. However, Roy seeks to remand this case to state court because the amount in controversy allegedly falls short of the requirement for federal diversity jurisdiction.[13] In support of remand, Roy submitted an unsigned stipulation stating that she "irrevocably stipulates that the value of her claim, exclusive of interest and costs, does not exceed $75,000.00."[14]

## II.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. District courts have original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332.

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities

---

[11] *Id.* at 2.
[12] *Id.*; R. Doc. No. 1-1, at 59. Progressive Paloverde Insurance Company is a corporation organized under the laws of the State of Indiana with its principal place of business in Indiana, and it is therefore a citizen of Indiana. R. Doc. No. 1, at 2 n.2.
[13] R. Doc. No. 6-1, at 1.
[14] R. Doc. No. 6-2.

are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The Fifth Circuit has established a "clear analytical framework" to resolve disputes concerning the amount in controversy for actions removed from Louisiana state courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Because Louisiana law prohibits plaintiffs in Louisiana state courts from pleading the numerical value of their claimed damages,[15] the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). This requirement is satisfied if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723.

If the defendant satisfies its burden, the plaintiff can only defeat removal by showing "to a legal certainty" that the amount in controversy does not exceed $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (citing *De Aguilar*, 47 F.3d at 1412). To meet their "legal certainty" obligation, plaintiffs can, in their state petition, cite to a state law that prohibits recovery of damages in excess of the jurisdictional amount, or file a binding stipulation or affidavit with the petition

---

[15] La. Code Civ. Proc. Ann. art. 893(A)(1).

prior to removal limiting their recovery to less than $75,000. *De Aguilar*, 47 F.3d at 1412.

The jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* Post-removal submissions may only be used in consideration of remand if the state court pleadings are ambiguous as to the amount in controversy. *See id.*

As previously stated, while Louisiana state court plaintiffs may not include the "specific amount of damages" in their prayer for relief, Louisiana law also provides that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. Proc. Ann. art. 893(A)(1). However, the failure to include an Article 893 stipulation alone does not establish that the jurisdictional amount is satisfied for diversity jurisdiction. *See Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy.") (collecting cases); *Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20, 2011) (Fallon, J.).

In a claim for recovery under an insurance policy, the amount in controversy is determined by the lesser value of the claim or the value of the policy limit. *Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 64 (5th Cir. 1959); *Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F. Supp. 3d 428, 431 (E.D. La. 2015) (Vance, J.).

"[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.

It is not facially apparent from Roy's amended petition that the amount in controversy exceeds $75,000. What is clear based on the jurisdictional facts at the time of removal, however, is the undisputed fact that the limit for the insurance policy at issue is $50,000.[16] Notwithstanding, Progressive argues that the amount in controversy exceeds $75,000 because Roy could be entitled to statutory penalties and attorney fees and costs, in addition to the insurance benefits she claims.[17] Progressive bases this assertion on Roy's February 10, 2020 demand, in which Roy contended that she would be entitled to statutory penalties and attorney fees and costs under La.

---

[16] *See* R. Doc. No. 1-4, at 15; R. Doc. No. 8, at 5.
[17] R. Doc. No. 8, at 6.

6

Stat. Ann. § 22:1892 if Progressive failed to make a good faith tender within thirty days.[18]

Under La. Stat. Ann. § 22:1892(B), an insurer is subject to a statutory penalty and reasonable attorney fees and costs payable to the insured if it fails to pay the amount due or make a written offer to settle the claim within thirty days of receiving a satisfactory proof of loss. The statutory penalty is fifty percent of the amount found to be due, or one thousand dollars, whichever is greater. La. Stat. Ann. § 22:1892(B)(1). However, an insured may only recover the statutory penalty and attorney fees and costs when the insurer is found to have acted arbitrarily, capriciously, or without probable cause. *See id.*; *Willard v. R & B Falcon Drilling USA, Inc.*, 2001-2334, p. 7 (La. App. 1 Cir. 12/20/02), 836 So. 2d 424, 429 ("Penalties and attorney fees will not be assessed against an insurer unless it is clearly shown that the insurer was, in fact, arbitrary, capricious, and without probable cause in refusing to pay.").

Significantly, Roy's amended petition for damages neither seeks nor sets forth facts supporting a claim for statutory penalties and/or attorney fees and costs under La. Stat. Ann. § 22:1892.[19] And, as Roy points out, she "has not yet amended her petition to include a claim for bad faith and no amount has been found to be 'due from

---

[18] *See* R. Doc. No. 1-4, at 13.
[19] *See* R. Doc. No. 11, at 59–62. In order to establish a cause of action for penalties and/or attorney fees and costs under § 22:1892, a plaintiff must show that (1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause. *Guillory v. Lee*, 2009-0075, p. 30 (La. 6/26/09), 16 So. 3d 1104, 1126.

7

the insurer to the insured' under La. R.S. [§] 22:1892 in order to assess any bad faith penalties."[20] Progressive has not set forth any summary judgment type evidence to demonstrate otherwise.

Progressive's argument that the amount in controversy "must" include statutory penalties and attorney fees and costs because Roy "promised to pursue" such a claim if Progressive did not meet Roy's February 10, 2020 demand is unavailing.[21] Regardless of whether Roy intends to amend her petition to pursue a

---

[20] R. Doc. No. 6-1, at 3. Progressive acknowledges that the amended petition does not currently include a claim for statutory penalties and attorney's fees. R. Doc. No. 1, at 4.

[21] *See* R. Doc. No. 8, at 2. Indeed, Progressive acknowledges that "[s]tatutory penalties and attorney's fees are sometimes (*though not necessarily*) also included in the amount in controversy—even if not expressly prayed for in the post-removal petition." *Id.* at 3 (emphasis added).

In *Rush v. American Security Insurance Co.*, a section of this court addressed and rejected a similar argument by an insurer that statutory penalties and attorney fees and costs under La. Stat. Ann. § 22:1973 should be included to determine the amount in controversy, even though the plaintiff did not request them in her state court petition or make any allegation that her insurer acted unreasonably, in bad faith, or without cause. No. 06-5345, 2006 WL 3733817, at *4 (E.D. La. Dec. 14, 2006) (Duval, J.). The court explained:

> [B]ased on the language of section 22:[1973] and Louisiana jurisprudence interpreting the statute, the Louisiana statutory scheme providing for penalties and fees in the case of untimely payment of insurance proceeds does not apply automatically. This means that such additional recovery must be prayed for in the petition, and these allegations are noticeably absent in the instant matter. The value of the claim, thus, would be limited to that specifically sought in the Petition, namely, the balance of what is owed under the insurance policy, which clearly does not exceed $75,000.

*Id.* at *5. Although *Rush* examined § 22:1973, its penalty provisions also only apply when the insurer is found to have acted arbitrarily, capriciously, or without probable cause. *See id.*; *Lind v. United Servs. Auto. Ass'n*, 2017-0217, p. 13–14 (La. App. 1 Cir. 1/30/18), 242 So. 3d 576, 585 ("Both La. R.S. 22:1892(B)(1) and La. R.S. 22:1973(B)(5)

claim under La. Stat. Ann. § 22:1892, the determination of federal jurisdiction must be made based on "the claims in the state court petition as they existed at the time of removal." *Manguno,* 276 F.3d at 723. Roy's amended petition, which was filed on February 13, 2020, did not allege a claim for statutory penalties or attorney fees and costs.

Instead, Roy claims that Progressive is liable to her for damages she sustained from her accident with the underinsured motorist based on the insurance policy that Progressive issued to Roy.[22] Because the maximum amount that Roy may recover from Progressive is the policy limit of $50,000, the amount in controversy falls below the jurisdictional requirement.[23] Roy's February 10, 2020 demand for damages in excess of that limit does not raise the jurisdictional amount. *See Hartford Ins. Grp.,* 293 F.3d at 911 ("[I]f an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy.").

---

and (C) provide for penalties, including attorney's fees, against an insurer whose failure to pay a claim after receiving satisfactory proof of loss is found to be arbitrary, capricious, or without probable cause.").

[22] *See* R. Doc. No. 1-1, at 59–61.

[23] The settlement recommendation of $50,000 by Roy's counsel provides further evidence that the amount in controversy requirement is not satisfied. *See Williams v. Sentry Select Ins. Co.,* No. 20-766, 2020 WL 1617291, at *2 (E.D. La. Apr. 2, 2020) (Barbier, J.) ("A settlement offer is 'valuable evidence to indicate the amount in controversy at the time of removal.'") (quoting *Fairchild v. State Farm Mutual Automobile Ins. Co.,* 907 F. Supp. 969, 971 (M.D. La. 1995)).

Progressive has not met its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.[24] Because the jurisdictional amount is not satisfied, the Court lacks subject matter jurisdiction over Roy's claims.

## IV.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, because of this Court's lack of subject matter jurisdiction.

New Orleans, Louisiana, May 1, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[24] The Court will not consider Roy's affidavit attached to her motion, as it is unsigned and submitted post-removal.